

United States District Court
Southern District of Texas

**ENTERED**

September 05, 2025

Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

§
John Licona, Jr.,            §
    *Plaintiff,*         §
                              §
§
v.                           §           Civil Action 4:24-CV-3044
§
Professional Distribution Center,    §
Inc., and Sudaryono Summargono,      §
    *Defendants.*        §
§

## MEMORANDUM AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). Defendants, Professional Distribution Center, Inc. (PDC) and Sudaryono Summargono have filed a Motion to Dismiss Plaintiff's First Amended Complaint. ECF No 21. Plaintiff seeks leave to file a Second Amended Complaint. ECF No. 26. The undersigned recommends that Defendants' motion to dismiss be **GRANTED**. Plaintiff's motion for leave to amend is **DENIED**.

### 1. Background and Facts

These facts are taken from Licona's First Amended Original Complaint, ECF No. 16, which is the operative pleading in the case. Plaintiff purports to bring claims under Title VII of the 1964 Civil Rights Act as well as the Fair Labor Standards Act. Licona alleges that his employer, PDC, and its owner, Summargono, discriminated against him and subjected him to a hostile work environment.

Licona was terminated on July 17, 2024. As a reason for his termination, Summargono stated to Licona that "[b]ased on all the texts you [Licona] just sent, obviously you are not a good fit for us [PDC]." ECF No. 16 at 3. Plaintiff characterizes the firing as

retaliation for his having reported OSHA violations to his superiors at PDC.

Plaintiff states that between July 14, 2024, and July 17, 2024, he "had been sending [Summargono] numerous texts explaining his grievances with the company." *Id.* at 4. Licona alleges that he was thereafter subjected to a hostile work environment when a Mr. Garcia "treated Plaintiff as if he had authority over Plaintiff when, ironically, it was plaintiff training Mr. Garcia . . . ." *Id.* Licona states that Summargono did nothing to stop the "harassment." Plaintiff alleges that he texted Summargono about Garcia's lack of authority over him. *Id.* at 5.

Plaintiff further alleges that Defendants discriminated against him when he was denied paid vacation benefits. According to Plaintiff, Asian employees working in the "front office" are afforded paid time off, apparently based on their ethnicity. ECF No. 16 at 5. Similarly, he alleges that he was denied any pay increase. Plaintiff texted Summargono "[i]f you want me to do Juan's job of pulling edgeband . . . I demand a 2 dollar increase in hourly wage and return to 10 hour days. That's your first option." *Id.* In addition to Summargono's "first option," Licona offered a "second option," which was for Licona to resign immediately with a year's salary in severance pay. *Id.* at 6. The third option was that Licona would report the company to the "labor board." *Id.*

Plaintiff's only mention of overtime is in a paragraph wherein he accuses Summargono of being a "Chinese communist" who "hates Americans." ECF No. 16 at 6. He concludes with "Defendant believes overtime is a benefit. Really?" He says nothing about actually working overtime or not being paid for it.

In a section titled "Closing Arguments," Licona levies a number of complaints against Defendants. Much of that section repeats or fleshes out what was summarized above. He also details a dispute over timecards and states that PDC was discriminatory

in its hiring practices because it "only employed [Chinese people] in [its] front office." ECF No. 16 at 8.

Plaintiff attached to his motion for leave to amend a proposed Plaintiff's Second Amended Original Complaint (SAC). ECF No. 26-1. He seeks to add several parties and new causes of action. As new parties, he seeks to add Matt Freyling (vice president of PDC), the Texas Workforce Commission (TWC), and Erica Guerra (investigating officer with the TWC). ECF No. 26-1 at 2. The SAC largely discusses more details of what happened to Licona while he was employed at PDC. He discusses recordings he made of meetings with Summargono and Freyling. *Id.* at 4. The recordings would apparently show a confrontation between Licona and Sumargono about whether Sumargono was required to give Licona a reason for his dismissal. *Id.* at 5–7.

The SAC also discusses the fact that Licona received in February 2025 a "findings of fact and determination" packet from the TWC. ECF No. 26-1 at 6. He argues that the packet disclosed evidence of "new infractions" that support his current claims. *Id.* He also claims that the packet discloses "many discrepancies and fraudulent rulings in TWC Investigation Officer, Erika Guerra's rulings and findings of fact." *Id.* Although it is difficult to follow Licona's logic, he faults Guerra for characterizing the texts discussed above as the "final incident" leading to his termination. Licona argues that "the incident(s) that caused him to be terminated was because he was not fit based on his texts to [Summargono], yet [Summargono] never pointed to the actual text nor language in said text to make his decision in terminating [Licona]." *Id.* at 7–8. He also faults Guerra with failing to outline her findings of fact and for asking Licona certain questions during his intake interview. *Id.* at 8. Ultimately, he characterizes Ms. Guerra as "dumb in his honest opinion." *Id.*

### 2. *Motion for Leave to Amend*

### A. *Legal Standard*

"Federal Rule of Civil Procedure 16(b) governs amendment of pleadings after a scheduling order's deadline to amend has expired." *Fahim v. Marriott Hotel Servs.*, 551 F.3d 344, 348 (5th Cir. 2008) (citation omitted). A scheduling order "may be modified only for good cause and with the judge's consent." *Id.*; Fed. R. Civ. P. 16(b)(4). "It requires a party 'to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Id.* (quoting *S&W Enters. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003)). A party "must show good cause for not meeting the deadline before the more liberal standard of Rule 15(a) will apply[.]" *Id.* (quoting *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003)).

Courts consider four factors in determining good cause under Rule 16: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (quoting *Southwestern*, 346 F.3d at 546).

Under Rule 15(a), courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Though that's a generous standard, 'leave to amend can be properly denied where there is a valid justification.'" *Robertson v. Intratek Comput., Inc.*, 976 F.3d 575, 584 (5th Cir. 2020) (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006)). Valid justifications include undue delay, bad faith, dilatory motive, and whether the facts underlying the amended complaint were known to the party when the original complaint was filed. *Id.* (quoting *Southmark Corp. v. Schulte Roth & Zabel* (*In re Southmark Corp.*), 88 F.3d 311, 316 (5th Cir. 1996)). Courts may also consider a plaintiff's repeated failure to cure deficiencies by previous amendments,

undue prejudice to the opposing party, and futility of the proposed amendment. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (citing cases). An amended complaint is futile if "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000) (citing cases). The analysis requires courts to apply "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* (quoting cases).

### B. Analysis

Licona filed his original Complaint on August 9, 2024. ECF No. 1. Defendants filed their first motion to dismiss on October 10, 2024, ECF No. 6, which the court struck for failure to follow the district judge's procedures on October 17, 2024, ECF No. 7. Defendants filed their request for a pre-motion conference on October 31, 2024, in compliance with the court's procedures. ECF No. 9. The court held a scheduling conference on November 1, 2024, and set the deadline to amend pleadings as December 2, 2024. ECF No. 12. The court set a hearing on the request for a pre-motion conference, but on November 25, 2024, just prior to the conference, Licona filed his First Amended Complaint (FAC), ECF No. 16. The court held the pre-motion conference on November 25, 2024, and permitted Defendant to file a motion to dismiss as to the FAC. ECF No. 17.

Defendant filed the pending Motion to Dismiss on January 22, 2025. ECF No. 21. Licona did not timely respond to the motion. Instead, on March 10, 2025, he filed a motion to strike the motion. On March 26, 2025, Licona filed the pending Motion for Leave to File Second Amended Complaint. ECF No. 26. The district judge referred the case to the undersigned magistrate judge on April 17, 2025. ECF No. 27. The court held a hearing on the then pending motions on May 1, 2025. ECF No. 29. The court denied the motion

to strike and allowed Defendants to respond to the motion for leave to amend. *Id.*

As discussed above, most of the facts alleged in the SAC pertain to events that transpired while Licona was employed with PDC. He would have known those facts before filing this lawsuit. Licona gives no explanation for not providing all the relevant facts when he filed his first two complaints. He does not explain why he did not include the parties he now seeks to add. Nor does Licona explain the importance of the proposed amendments. Assuming that Licona sees the amendments as important, this case has now been pending for over a year. Licona's complaints are rambling and accusatory. Defendants have been required to engage in numerous filings, many of which do not further the resolution of this controversy on its merits. While a continuance and more chances to amend could be granted, it appears to the court that doing so will just multiply and confuse the issues before the court. Leave to amend to add claims and parties that Licona could have added earlier is **DENIED**.

To the extent that Licona seeks to add allegations against TWC and its staff, such claims do not belong in this case. Under Federal Rule of Civil Procedure 20(a)(2), defendants may be joined in a single action if either: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; or (B) any question of law or fact common to all defendants will arise in the action. Licona's proposed claims against the TWC and its staff relate to their processing of Licona's claims, not the actual merits of those claims. What happened at PDC leading to Licona's termination and what TWC did with the information it received from PDC and Licona are two very different things. PDC's claims against TWC do not involve the same transaction or occurrence as is alleged in the live

complaint. There are no common questions of law or fact. Leave to amend to add claims against TWC and its staff is **DENIED**.

To the extent that Licona seeks leave to amend to add new state law claims, leave to do so is also **DENIED**. As will be discussed next, all of Licona's existing federal claims should be dismissed. Because complete diversity of citizenship does not exist, *see* ECF No. 16 at 1–2 (identifying all parties as Texas citizens), there is no basis for the court to exercise jurisdiction over any state law claims that Licona seeks to add. When the court dismisses all claims for which it has original jurisdiction, the court may decline to exercise supplemental jurisdiction over any remaining claims. 28 U.S.C. § 1367(c)(3). The "general rule is that a court should decline to exercise jurisdiction over remaining state law claims when all federal law claims are eliminated before trial, but this rule is neither mandatory nor absolute." *The Lamar Co., L.L.C. v. Miss. Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020) (quoting *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009)). Because, under the circumstances of this case, the court should decline to exercise jurisdiction over any state law claims in the absence of any federal claims, leave to amend to add new state law claims would be futile and is **DENIED**.

### 3. *Motion to Dismiss*

#### A. *Legal Standard*

Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Courts accept "all well-pleaded facts as true" and "view[] them in the light most favorable to the plaintiff." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 177 (5th Cir. 2018) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). To survive a motion to dismiss, the plaintiff must have pleaded "enough facts to state

a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 580 (5th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable[.]" *Twombly*, 550 U.S. at 556. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Allen*, 907 F.3d at 177 (quoting *Twombly*, 550 U.S. at 555).

### B. Analysis

Title VII requires that all claims of discrimination or retaliation be administratively exhausted prior to the filing of a federal lawsuit. 42 U.S.C. § 2000e–5. The purpose of exhaustion is to provide employers notice of the "existence and general substance of the discrimination allegations." *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 878 (5th Cir. 2003). Exhaustion provides the administrative agency and the employer with an opportunity to resolve the dispute. *See Ernst v. Methodist Hosp. System*, 1 F.4th 333, 337 (5th Cir. 2021).

Though a court should not "strictly construe" the EEOC charge, *see Esaadi v. UPC*, No. 3:20-CV-1777-N-BK, 2023 WL 2776081, at *2 (N.D. Tex. Mar. 2, 2023), the Fifth Circuit has stated that it is an "obvious proposition that the crucial element of a charge of discrimination is the factual statement contained therein." *Melgar v. T.B. Butler Publ'g. Co.*, 931 F.3d 375, 379 (5th Cir. 2019). A court should consider "the scope of the EEOC investigation which 'can reasonably be expected to grow out of the

charge of discrimination.'" *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006). To determine whether an allegation in a complaint is encompassed within the scope of an EEOC charge, a court must engage in a "fact-intensive analysis of the statement given by Plaintiff in the administrative charge, and look slightly beyond its four corners, to its substance rather than its label." *Id.* Failure to properly exhaust a claim will result in dismissal. *Id.* at 792.

Defendants argue that Licona did not file a charge of discrimination prior to filing suit. Licona appears to concede the point but argues that the Title VII exhaustion requirement violates the constitution. ECF No. 19 at 12. Licona's arguments are frivolous. The 24th Amendment to the Constitution relates to elections and has no bearing on this case. There is no authority for the proposition that requiring a person to exhaust administrative remedies would violate the First Amendment. Because Licona did not exhaust his administrative remedies before filing suit, his Title VII claims should be **DISMISSED**.

To the extent that Licona alleges that Defendants retaliated against him for reporting an OSHA violation, that claim should be dismissed as well. *Washington v. M. Hanna Const. Inc.*, 299 F. App'x 399, 401–02 (5th Cir. 2008) ("Because Title VII does not encompass violations of OSHA, . . . Plaintiff's alleged reporting of M. Hanna to authorities for violating OSHA does not qualify as protected activity under Title VII."). Even if Licona intended to bring a claim for retaliation under the Occupational Health and Safety (OSH) Act, and not Title VII, he has failed to state a claim. *See* 29 C.F.R. § 1977.3. If an employee believes he has been discriminated against for filing a complaint related to the OSH Act, he may file another complaint with the Secretary of the Department of Labor. 29 U.S.C. § 660(c)(2). The OSH Act does not allow a cause of action for private individuals in this circumstance, and Licona has not plausibly alleged a violation of any other

relevant statutes or regulations. 29 U.S.C. § 660(c); *see also Sec'y, U.S. Dep't of Labor v. Lear Corp. Eeds & Interiors,* 822 F.3d 556, 560 (11th Cir. 2016) (stating that the Act authorizes the Secretary to bring an action in federal district court after an appropriate investigation); *Dannan v. City of Yakima*, No. 24-CV-03111, 2025 WL 2346884, at *5 (E.D. Wash. Aug. 13, 2025) ("The plain language of 29 U.S.C. § 660(c) does not provide any right of private action.").

Licona purports to bring claims under the Fair Labor Standards Act. He does not explain how PDC or Summarongo violated the statute. He does not state that he worked unpaid overtime or was not paid the minimum wage. Licona's claims under the FLSA should be dismissed.

Licona's claims under the First Amendment against PDC and Summarongo should also be dismissed. There is no claim under the First Amendment against private persons or entities.

### 4. Conclusion

The undersigned recommends that Defendants' Motion to Dismiss, ECF No. 21, be **GRANTED**. All claims in Licona's First Amended Complaint, ECF No. 16, should be **DISMISSED** with prejudice. Licona' Motion for Leave to Amend, ECF No. 26, is **DENIED**.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal

conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on September 5, 2025.

_____
Peter Bray
United States Magistrate Judge